## No. 857.

HYPOLITE BELAIR, Natural Tutor, et als. *v.* CELINA DOMINGUEZ, Administratrix. Opposition of the heirs to the tableau filed by the administratrix.

26b 605
50   54

The court below did not err, as contended by the opponents, to the tableau of the administratrix, in not charging the community existing between the deceased and his surviving widow with a certain sum of money received by the deceased, during marriage, from the sale of his separate property, because it is not proved that this money was expended by the deceased for the benefit of said community.

Whether the individual debts of the deceased were discharged by the giving in payment of certain slaves belonging to the community existing between the deceased and his surviving widow, administratrix of his estate, or by funds arising from the sale of said slaves, the result is the same. The community should be credited for the amount of its property disposed of for the individual benefit of the deceased.

APPEAL from the Parish Court, parish of Lafayette. *Moss,* J. *Mouton & Debaillon, Joseph A. Breaux,* for opponents and appellants. *M. E. Girard,* for defendant and appellee.

WYLY, J. The plaintiffs, the heirs of Nicolas Vallot, appeal from the judgment on their oppositions to the account rendered by the defendant, their stepmother, the surviving widow of the deceased and his administratrix. The objections urged in this court will be considered in the order stated in the brief of the appellants:

Belair v. Celina Dominguez.

*First*—They complain that the court erred in not charging the community existing between the deceased and the defendant with $389 66, the sum received by the deceased, during marriage, from the sale of his separate property. It is not proved that this money was expended by the deceased for the benefit of the community, and therefore it can not be charged therewith. Stewart *v.* Pickard et al., 10 R. 18; also 2 An. 44; 11 An. 297.

*Second*—They object to the credit allowed for the amount of the individual debts of the deceased to the opponents, his heirs by a former marriage, discharged by the giving in payment of certain slaves belonging to the community. We think the court did not err. Whether the debts were paid by funds arising from the sale of the slaves, or the giving of them in payment thereof, the result is the same; the community should be credited for the amount of its property disposed of for the individual benefit of the deceased.

*Third*—The item of $525 76, credited as payment to Aurore Thériot, is sustained by the evidence. Also the item of $347 77 is correct. We see no error in the judgment.

Judgment affirmed.